UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-00069-MRA-JPR | Date | February 27, 2025 |
|---|---|---|---|
| Title | Norma A Zamago Rodriguez v. Ford Motor Company, et al. | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER STRIKING FIRST AMENDED COMPLAINT**

    Plaintiff Norma Zamago Rodriguez originally filed this case in Los Angeles County Superior Court on July 29, 2024. ECF 1-1. Defendant Ford Motor Company ("Ford") answered on September 30, 2024, ECF 1-2, and subsequently removed the case to federal court on January 3, 2025, ECF 1. On January 13, 2025, Plaintiff filed her First Amended Complaint ("FAC"), adding Central Ford Automotive, Inc., a California company located in Los Angeles County, as a defendant. ECF 13. On January 28, 2025, Ford objected to the FAC on the ground that Plaintiff had not sought leave or consent to amend the complaint. ECF 19.

    The Court agrees with Ford. "Once removal has occurred . . . the decision regarding joinder of a diversity-destroying defendant"—here, Central Ford Automotive, Inc.—"is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Here, Plaintiff did not request joinder but rather unilaterally filed the FAC. Thus, the Court **STRIKES** the FAC, ECF 13, and **ORDERS** Plaintiff to file a properly noticed motion seeking leave to amend within 45 days of this Order.[1]

---

[1] Courts typically consider five factors under Section 1447(e): "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999) (citing *Schwarzer, et al., California*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-00069-MRA-JPR | Date | February 27, 2025 |
|---|---|---|---|
| Title | Norma A Zamago Rodriguez v. Ford Motor Company, et al. | | |

Plaintiff's Motion to Remand, filed on February 11, 2025, *see* ECF 20, is hereby **DENIED** as moot, and the Scheduling Conference set for March 3, 2025, is hereby **VACATED** until further order by the Court. The pending requests for remote appearances for the now-vacated Scheduling Conference, *see* ECF 22-23, are also **DENIED** as moot.

**IT IS SO ORDERED.**

Initials of Deputy Clerk  gga

---

*Practice Guide: Federal Civil Procedure Before Trial*, ¶ 2:1078 (TRG 1998) (citing cases)).